UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY ADAMS | CIVIL ACTION |
| VERSUS | NO. 21-2153 |
| ASHLEIGH LANDRY, ET AL. | SECTION "B"(4) |

## ORDER AND REASONS

Considering parties' joint motion to continue trial and pre-trial deadlines (Rec. Doc. 84),

**IT IS ORDERED** that the motion is **GRANTED** pursuant to Fed. R. Civ. P. 16, continuing the trial and all unexpired deadlines.

Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted).

Here, defense counsel contends that "Ms. Landry is currently incarcerated until May of 2025, which prejudices her ability to adequately prepare for trial and participate in discovery." *See* Rec. Doc. 84-1 at 2. Counsel for plaintiff contends the alleged victim-plaintiff, T.M.T., "in this matter has reached the age of majority between the guilty plea and sentencing of defendant, Ms. Landry." *Id.* Plaintiff's counsel further avers that T.M.T. has been unavailable due to his seeking of employment, and has recently "re-engaged" counsel, thus making himself available for these proceedings. *Id.* Counsel further contends that due to the different capacities of the parties, namely, T.M.T. reaching the age of majority, necessitates a "brief" continuance to allow the parties to proceed through the discovery process with a different approach. *Id.* Here, Ms. Landry's ongoing

1

incarceration and T.M.T.'s reaching the age of majority presents good cause for a modification of the scheduling order, as well a stay and administratively closing of these proceedings.

A district court possesses "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *Bugay v. McCain*, No. 08–1690, 2008 WL 2782869, at *1 (E.D. La. July 15, 2008) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citation omitted). A [district] court's authority includes "a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). Notwithstanding the court's broad discretion, a stay must not be "immoderate or of an indefinite duration. *Id.* (citing same).

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED as to all parties and for statistical purposes only, and ADMINISTRATIVELY CLOSED, without prejudice** to being timely reopened.

**IT IS FURTHER ORDERED** that, <u>**no later than May 1, 2025**</u>, parties shall jointly file into the record memoranda not longer than eight pages on the issue of whether this case should be reopened and set for pre-trial conference and trial dates. **Accordingly, the appropriate motion to lift stay/re-open this case shall be filed <u>NO LATER THAN MAY 4, 2025, FAILURE TO TIMELY FILE SUCH MOTION MAY LEAD TO SANCTIONS, INCLUDING DISMISSAL</u>.**

New Orleans, Louisiana this 20th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE