UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY ADAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2153** |
| **ASHLEIGH LANDRY, ET AL** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are defendant Ashleigh Landry's ("Landry")'s Rule 41(b) Motion to Dismiss (Rec. Doc. 89), plaintiff and natural tutrix of her now-deceased child, T.M.T., Amy Adams's opposition to Ashleigh Landry's motion to dismiss (Rec. Doc. 92), and defendant Landry's reply memorandum (Rec. Doc. 93). Accordingly,

**IT IS HEREBY ORDERED** that defendants Rule 41(b) Motion to Dismiss (Rec. Doc. 89) be **DENIED**, with reservation of rights to T.M.T.'s surviving heirs to file an amendment to the instant complaint with supportive documentation of heirship or a new complaint, all within Louisiana's statue of limitation period for wrongful death and/or survivorship claims.

**IT IS FURTHER ORDERED** that the petitioner's *pro se* motion to amend complaint to substitute heirs (Rec. Doc. 95) be **set for submission on Wednesday, October 15, 2025**. Defendant's opposition, if any, shall be filed **no later than Tuesday, October 7, 2025**.

**IT IS FURTHER ORDERDED** that **no later than October 15, 2025**, parties **shall jointly file** into the record memoranda not longer than eight pages on the issue of whether this case should be reopened and set for pre-trial conference and trial dates. **The appropriate motion to lift stay/re-open this case shall be filed no later than October 19, 2025.**

Failure to adhere to court orders and Local Rules, **henceforth,** may lead to **dismissal of claims or defenses.** Per law, unrepresented parties like represented parties **must** comply with court orders and rules.

1

**FACTUAL BACKGROUND**

Ashleigh Marcel Landry was issued temporary custody of plaintiff T.M.T. in 2019. Rec. Doc. 46 at 2. At that time, T.M.T. was a minor under the age of seventeen and Landry was an adult employed by Lafourche Parish School Board System as the principal of Lockport Middle School. *Id.* (citing Rec. Docs. 24-2, 35 at 2, and 1 at 3). Nonetheless, Landry engaged in a sexual relationship with T.M.T., starting in 2020 and, even after her arrest in 2021, maintained an ongoing sexual relationship with T.M.T. *Id.* (citing Rec. Doc. 1 at 4).

On November 19, 2021, plaintiff filed a complaint with this Court alleging that defendant Landry violated T.M.T.'s substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983. *Id.* at 3. Plaintiff also alleges defendant is liable for intentional infliction of emotional distress, negligence, sexual misconduct, and intentional spoilation of evidence under Louisiana State law. *Id.* at 4. Accordingly, plaintiff claims defendants are liable for general and special damages, including emotional distress and mental anguish, as well as attorney's fees and costs. *Id.* In 2022, defendants had filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), and in the alternative, a motion for more definite statement pursuant to Rule 12(e). Rec. Docs. 23 and 24. Subsequently, the Court allowed Adams to amend her complaint. Rec. Docs. 49, 50. The defendants then filed additional motions to dismiss. Rec. Docs. 51, 52. The Court issued an order in November of 2022 denying Ashleigh Landry's motion to dismiss and retained supplemental jurisdiction over the state law claims against Landry. Rec. Doc. 68.

The case was stayed and administratively closed, in July of 2023, without prejudice to being timely reopened. Rec. Doc. 75 On February 17, 2024, the plaintiff filed an motion requesting to lift the stay and reopen the instant matter. Rec. Doc. 76. On March 1, 2024, this Court did reopen this case. Rec. Doc. 77. The trial for this matter was then set for January 27, 2025. Rec. Doc. 79.

Then in September of 2024, Amy Adams and Ashleigh Landry filed a joint continuance motion. In said motion, counsel for the defendant contended that "Ms. Landry [was] currently incarcerated until May of 2025, which prejudice[d] her ability to adequately prepare for trial and participate in discovery." Rec. Doc. 84-1 at 2. Additionally, Plaintiff's counsel averred that T.M.T. had reached the age of majority and had recently "re-engaged" counsel, thus making himself available for these proceedings. *Id.* Finding were good causes for modification of the Scheduling Order, the Court, again, stayed and closed this matter. Rec. Doc. 85. It was then that the Court ordered "that[] no later than May 1, 2025, parties shall jointly file into the record memoranda . . . on the issue of whether this case should be reopened and set for pre-trial conference and trial dates." Rec. Doc. 85 at 2. No joint submission was ever filed. Despite not adhering to this Court's previous Orders (Rec. Doc. 85 and 88), the defendant did file the instant motion to dismiss on July 11, 2025. Rec. Doc. 89.

Plaintiff's, now withdrawn, counsel similarly ignored this Court's previous Orders, and simply filed an opposition to defendants' motion. Rec. Doc. 92. However, before filing their two-page opposition to the defendant's motion to dismiss, plaintiff's counsel also filed a motion to withdraw. Rec. Doc. 91. Their three-page motion to withdraw stated that both Shannon Battists and Dayal Reddy had "unfortunately developed a conflict precluding further representation of the surviving heirs of now-deceased T.M.T." Rec. Doc. 91 at 1. Citing an email from the surviving heir-parent, previous counsel stated that Amy Adams had refused their counsel via email. Rec. Doc. 91-2 at 1; *see also* Rec. Doc. 91-1 (*affidavit of Dayal Reddy*). Thus, on August 19, 2025, this Court granted the motion to withdraw and requested for Adams to notify the Court of her intent to either proceed *pro se* or retain new representation. Rec. Doc. 94.

Subsequently, on September 8, 2025, petitioners, and surviving heirs to decedent T.M.T., filed a *pro se* motion to substitute heirs. Rec. Doc. 95. In said motion, the petitioners failed to provide a submission date. *Id.* Nonetheless, henceforth, the filing will be deemed as notice by Adams of her intent to proceed *pro se* in the above-captioned matter.

**LAW AND ANALYSIS**

Defendants have the right, under Rule 41(b), to request a dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Further, a district court may *sua sponte* dismiss an action for failure to prosecute or comply with a court order with or without notice to the parties. *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536 (5th Cir. Mar. 18, 2024) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The Fifth Circuit will affirm the dismissal "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Edge v. TLW Entergy Services, L.L.C.*, No. 22-50288, 2023 WL 3267847, at *2 (5th Cir. May 5, 2023) (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)). "It bears emphasis that '[b]ecause this test is conjunctive, both elements must be present.'" *Id.* at *2 (citing *Coleman v. Sweetin*, 745 F.3d at 766).

Further, when courts consider application of the sanction of dismissal, they consider the extent to which the plaintiff, rather than his or her counsel, is responsible for the delay or failure to comply with the court's order. *Anderson v. Sledge*, No. CV 25-1085, 2025 WL 2525036 (E.D. La. Aug. 11, 2025), *report and recommendation adopted*, No. CV 25-1085, 2025 WL 2522130 (E.D. La. Sept. 2, 2025) (citing *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474-75 (5th Cir. 1986)). Other aggravating factors found that have warranted dismissals include actual prejudice to the defendant or delay caused by intentional

4

conduct. *See Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Being that "[d]ismissal with prejudice for failure to comply with a court order should be a last resort, and '[l]essor sanctions such as fines or dismissal without prejudice are usually appropriate," we find that dismissal is not the appropriate remedy in this case. *Odom v. Lakeview Behav. Health, LLC*, No. CV 19-13953, 2024 WL 1198394 (E.D. La. Mar. 20, 2024) (Vance, J.) (citing *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.")). Despite this litigation being initiated on November 19, 2021, several continuances have been requested. However, most of these continuances were requested through joint continuances.[1] The defendant's own ongoing criminal proceedings and subsequent incarceration caused this matter to be stayed and administratively closed until May of 2025. Rec. Docs. 64, 75 and 85. During this delay, the Court was notified of plaintiff T.M.T.'s "re-engagement" of counsel, after reaching the age of majority. Rec. Doc. 84. Then subsequently of T.M.T.'s passing in November of 2024. Rec. Docs. 86, 87, and 91.

May 1, 2025 was the deadline set by this Court for parties to "jointly file into the record memoranda not longer than eight pages on the issue of whether this case should be reopened and set for pre-trial conference and trial dates." Rec. Doc. 85. On April 30, 2025, plaintiff's counsel requested an extension of this deadline and were issued a new date of June 2, 2025. Rec. Doc. 88. Nevertheless, the parties never submitted the joint filing previously ordered. Other than this request

---

[1] Of the seven (7) requested continuances, five (5) continuances were made jointly or individually by defendant Ashleigh Landry in this matter. Rec. Docs. 31, 38, 61, 62, 73, 84 and 87.

for an extension from the May 1, 2025 deadline and a deficient withdrawal filing by plaintiff's then attorney Shannon Battiste (Rec. Doc. 86), the Court received no other filings until defendant's motion to dismiss on July 11, 2025 (Rec. Doc. 89). Because neither party has moved to lift the stay, currently it is still in place.

Nonetheless, Amy Adams did file a motion to amend the complaint to substitute heirs on September 8, 2025. Rec. Doc. 95. This pending motion and plaintiff's counsels' withdrawal from August of 2025 reveal that Amy Adams and the other heirs of T.M.T. are seeking to proceed with this litigation. Further, being that the defendant joined in continuance requests through May of 2025, and the fact that she has not moved to lift the stay, there is no evidence that plaintiff's inactivity has caused actual prejudice to the defendant while the action was stayed. The Court therefore finds that at this time a warning is warranted. However, failure to timely comply with this and other court orders, **henceforth,** will result in the case being dismissed or defenses stricken pursuant to Rule 41(b).

New Orleans, Louisiana this 24th day of September, 2025

                                           SENIOR UNITED STATES DISTRICT JUDGE