**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

AMY ADAMS                                                    CIVIL ACTION

VERSUS                                                        NUMBER: 21-2153

ASHLEIGH LANDRY ET AL                                        SECTION: B (4)

**OPINION**

Plaintiff pro se Amy Adams presents a second motion to amend her original and first amended complaints against defendant Ashleigh Landry, individually and in her official capacity as principal at Lockport Middle School, Lafourche Parish, Louisiana. Rec. Doc. 95. Through her counsel, plaintiff's initial complaints alleged constitutional and various state claims arising from defendant's sexual relationship with plaintiff's now-deceased minor child, T.M.T, while a student at Landry's school and in her custody pursuant to a provisional custody agreement between plaintiff and the child's father. See Rec. Docs. 1 and 50.  Defendant opposes the second motion to amend complaint to substitute heirs. Rec. Doc. 97

The original complaint, filed on November 19, 2021, was dismissed without prejudice to allow plaintiff an opportunity to seek an amendment addressing deficiencies in her federal based claims, including among other factual issues whether cited illegal activities occurred in connection with school duties or on school property.[1] Rec. Doc. 46.  The facts and analysis of deficiencies of federal claims in the original complaint against defendant Landry are adopted here from the order and reasons issued on May 4, 2022. Id.

Again, through counsel, plaintiff filed the first amending complaint alleging Landry's use of TMT's student file containing his "challenging personal history" was done to gain custody and

---

[1] While supplemental jurisdiction over state claims was rejected, it was noted that if leave to amend is allowed, the state law claims would be reinstated.  Rec. Doc. 46, p. 2.

1

constituted an act "under color of state law".  The amendment also alleged that Landry "had sexual relations with TMT on the property of Lockport Middle School at least once in early 2020".  Rec. Doc. 50 at 5.  Defendant's second motion to dismiss was denied by finding "[b]cause pf Landry's two-fold roles as both legal guardian and principal, plaintiff's complaint plausibly pleads that Landry's collective actions exploited her "power and status" to manipulate TMT, and that she pursued TMT both during school hours and on school grounds". Rec. Doc. 68; citing *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 140607 (5th Cir. 1995).[2]

Upon TMT reaching the age of majority, plaintiff counsel eventually reported on September 19, 2024 that TMT is making himself available for this case.  Rec. Doc. 84-1, p. 2. Defense counsel states "…custody records from the 17th Judicial District Court for Lafourche Parish indicate that T.M.T. was born on September 16, 2005, which means that T.M.T. reached the age of majority in September of 2023."  Unfortunately, TMT died in a vehicular accident on November 27, 2024.  (Rec. Doc. 91 at p. 2).   However, counsel and TMT's mother Amy Adams thereafter developed a conflict with each other leading to the withdrawal of counsel' s representation of TMT and the surviving heirs, "at least his mother and a sister".  Rec. Doc. 92.

Defendant argues that movant *pro se* has not explained why she waited over a year to prosecute claims via substitution from when TMT reached majority in September 2023 until February of 2025, to dismiss their attorney. Defendant specifically argues the absence of compliance with Federal Rules of Civil Procedure Rule 25 and particularly the Louisiana Code of Civil Procedure article 801 requirement for either an affidavit of death and heirship or a judgment of possession.

---

[2] Thereafter, upon parties' joint requests, the trial on the merits was continued twice due to a related state court criminal proceedings against Landry (Rec. Docs. 73 and 75), her subsequent incarceration, and the unavailability of TMT since reaching the age of majority (Rec. Docs. 84 and 85).

FRCP Rule 25 provides that, upon the death of a party to litigation, a court can order substitution of a "proper party." *Martin v. Edwards*, CV 19-44, 2021 WL 981605, at *2 (E.D. La. Mar. 16, 2021).  Under FRCP 25 (a)(1), if the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Because the Rule does not define proper party, we look to Louisiana law for guidance.[3]

In this action filed under 42 U. S. C. § 1983 Louisiana substantive inheritance laws controls the issue of survival of the cause of action through application of the procedural requirements under FRCP 25 (a)(1).  *Robertson v. Wegmann*, 436 U.S. 584, 589–90; 98 S.Ct. 1991, 1995 (1978) *citing Smith v. Dooley*, 591 F. Supp. 1157, 1166 (W.D. La. 1984), *aff'd*, 778 F.2d 788 (5th Cir. 1985);

Louisiana Code of Civil Procedure article 801 describes the proper party for substitution as the deceased party's "legal successor." *In re Katrina Canal Breaches Consol. Litig.,* No. CA 10-866, 2012 WL 1247213, at *3 (E.D. La. Apr. 13, 2012) (Duval, J.).  A legal successor is determined depending on whether or not succession is under administration. *Martin v. Edwards*, CV 19-44, 2021 WL 981605, at *2 (E.D. La. Mar. 16, 2021). *Id*. If succession has been opened, the legal successor is the succession representative appointed by a state court. *Id*. If, however, succession has yet not been opened, the legal successors are the heirs and legatees of the deceased. *Id*.

---

[3] *Martin v. Edwards*, CV 19-44, 2021 WL 981605, at *2 (E.D. La. Mar. 16, 2021)(Stating that Courts are split on whether to apply state law or federal law in determining proper parties for substitution. See, e.g., *Janvey*, 2014 WL 12834493, at *3 ("[A] number of courts interpreting Rule 25 to include distributees within the term "successors" have done so without any reference to state law."); *Washington v. Louisiana*, No. CIV.A. 11-334-BAJ, 2013 WL 4048561, at *2 (M.D. La. Aug. 9, 2013) ("[I]n order to qualify as a proper substitute plaintiff for his deceased wife, Mr. Washington must qualify as either successor or representative of his wife's estate."); *Blassingill v. Reyes*, No. 3:17-CV-3415-B (BH), 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), report and recommendation adopted, No. 3:17-3415-B (BH), 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (applying Texas law to determine proper parties for substitution). Under federal law, a proper party is one who qualifies as a successor, a representative, or a distributee. See, e.g., *Washington*, 2013 WL 4048561, at *2; *McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985); *In re Baycol Prod. Litig*., 616 F.3d 778, 784 (8th Cir. 2010).

Louisiana Code of Civil Procedure art 801 specifies;

"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by **proof of his quality**." The code article defines "legal successor" as, inter alia, "[t]he survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor." La. C.C. art. 2315.1 provides a hierarchy of persons entitled to maintain a survival action. (Emphasis added)

*Coleman v. Anco Insulations, Inc.*, No. CV 15-821-BAJ-EWD, 2017 WL 1496932, at *2 (M.D. La. Apr. 21, 2017).

Article 801's "proof of quality" requirement has been interpreted to include an affidavit of death and heirship or a judgment of possession. See *Coleman* at *2 *quoting Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999). In *Austrum v. City of Baton Rouge*, 252 So. 2d 434, 438 (La. 1973), the Louisiana Supreme Court approved substitution of the heirs of the decedent as plaintiffs based on "an ex parte written motion supported by a duly notarized affidavit of two persons as to the death and heirship of the deceased." *Coleman* at *2 *quoting, Austrum v. City of Baton Rouge, supra; citing, Konneker v. Sewerage & Water Bd. of New Orleans*, 703 So. 2d 1341, 1343 (La. App. 4 Cir. 1997).

Additionally, Louisiana article 2315.1 (A)(2) provides the survivor right of action for a deceased child shall be vested in "[t]he surviving father and mother of the deceased, **or** either of them if he left no spouse or child surviving." (Emphasis added). The same article later states:

"[f]or purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him. Abandonment is presumed when the father or mother has left his child for a period of at least twelve months and the father or mother has failed to provide for the child's care and support, without just cause, thus demonstrating an intention to permanently avoid parental responsibility."

Id. at (E).

Here, Amy Adams claims survivorship status while the alleged father has neither appeared in this action nor has a reason been offered for his nonjoinder.  See FRCP 19 (b)(c).

Arguably, both alleged parents have a vested right for survival damages as beneficiaries of TMT's estate, including damages in this action.  Unless shown otherwise, they should thereby be joined in this federal Civil Rights action in order to provide relief between the parties in one lawsuit, avoiding multiple lawsuits, duplicative work, extra expenses, and possible inconsistent results.  FRCP 19 (a)(1)(A).

Therefore, **IT IS ORDERED that no later than March 30, 2026** movant Amy Adams must submit the following:

1. An affidavit of death and heirship or a judgment of possession to support designation as legal successor in substitution as plaintiff for decedent TMT;

2. A motion and supporting documentation for joinder of TMT's alleged father Jerry Truxillo, or as an alternative, reasons why his joinder is not feasible or otherwise obtainable.

**Failure to timely comply with this order or seek within the foregoing date an extension for compliance will lead to dismissal of this case.**

TMT's sister Kalie Truxillo also seeks to be added as party claimant.  Rec. Doc. 95. However, under Louisiana substantive law, her parents would outrank her and exclude her recovery in this federal action.  See La. Civ. Code art. 2315.1; La. Civ. Code art. 2315.2; and *Carter v. Cain*, No. CV 17-201-SDD-RLB, 2019 WL 846053, at *3 (M.D. La. Feb. 21, 2019) (Decedent's mother's claim excluded the decedent's siblings from recovering.).

Therefore, **IT IS FURTHER ORDERED** that the current motion (Rec. Doc. 95) is **denied to the extent that** it seeks an amendment to the complaint by adding Kalie Truxillo as a plaintiff herein.

**IT IS FURTHER ORDERED** that the instant motion seeking to add an unrelated wrongful death claim is **denied**. That state law claim arises from a vehicular accident that led to TMT death. It has not been shown to arise from the same facts as the instant federal Civil Rights claim under 42 U. S. C. § 1983. The latter claim arises from a sexual relationship between TMT and the defendant, not a vehicular accident.

New Orleans, Louisiana this 16th day of March 2026

**SENIOR UNITED STATES DISTRICT JUDGE**